UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CARMEN ARAUJO,

                Plaintiff,

        -against-

PENNYMAC LOAN SERVICES, LLC,

                Defendant.

----------------------------------------------------------------x

**MEMORANDUM & ORDER**
15-CV-00062 (DLI)(LB)

**DORA L. IRIZARRY, United States District Judge:**

      Plaintiff Carmen Araujo (a/k/a Carmen Castro) ("Plaintiff") filed the instant action against PennyMac Loan Services, LLC ("Defendant"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* ("§ 1692"), and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq*. The action was commenced on behalf of Plaintiff and a putative class. Plaintiff alleges that Defendant, as servicer for her mortgage loan, failed to provide certain disclosures and notices required by statute. Defendant moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for dismissal of the Complaint on the grounds that it fails to state a claim upon which relief may be granted, and is time barred in part. Plaintiff opposes. For the reasons set forth below, Defendant's motion to dismiss is granted.

### BACKGROUND

      Plaintiff, a New York resident, obtained a note and mortgage from Wells Fargo, N.A. on October 5, 2006 in connection with a property in Queens, New York. (*See* Complaint ("Compl.") ¶¶ 2, 22-23, Docket Entry No. 1; Ex. 1 to the Decl. of Jordan M. Smith in Supp. of Mot. to Dismiss ("Smith Aff."), Docket Entry No. 7.) Her mortgage thereafter was assigned

several times, most recently to a PennyMac affiliated loan trust. (*See* Compl. ¶ 32; Ex. 2 to the Smith Aff.) Effective July 7, 2011, the servicing of Plaintiff's mortgage was transferred to Defendant. (*See* Ex. 3 to the Smith Aff.)

Plaintiff subsequently filed for Chapter 7 bankruptcy on May 29, 2013, filed for a second time on October 10, 2014, and, finally, for a third time on February 11, 2015.[1] (*See* Compl. ¶ 38; *see also* Def. Mem. in Supp. of Mot. to Dismiss ("Def. Br.") at 2-3, Docket Entry No. 8.) During the course of the second bankruptcy, Plaintiff contacted Defendant about her mortgage and was connected with a customer representative. (*See* Compl. ¶¶ 39-40.) Speaking through Kashif Hassan, a credit advisor she had retained, Plaintiff told the representative that she wished to dispute amounts Defendant was seeking to collect because she never received any notice that her mortgage had been transferred to Defendant.[2] (*See id.* ¶¶ 37, 41.) Plaintiff also requested that Defendant provide her with the "original note for [her] mortgage as well as loan documents." (*See* Compl. ¶¶ 37-43.) On October 30, 2014, Defendant responded by sending Plaintiff a copy of her note (the "Unstamped Note"), accompanied by a communication that stated: "[Defendant] recently received a request for copies of your loan documents for the above referenced loan. We have enclosed the documents requested." (*See* Ex. E to the Compl.)

Thereafter, on November 20, 2014, Defendant allegedly forwarded to Plaintiff a copy of a filing from the second bankruptcy. (*See* Compl. ¶ 53.) Among the various attachments to the

---

[1] In support of its motion to dismiss, Defendant initially argued that Plaintiff lacked standing to bring this action because proceedings in the third bankruptcy were ongoing. By letter dated April 13, 2015, Defendant withdrew that defense because the bankruptcy action was dismissed. (*See* Docket Entry No. 11.)

[2] The Complaint seems to conflate two independent events: (*i*) the assignment of Plaintiff's mortgage to a PennyMac affiliated loan trust; and (*ii*) the transfer of servicing for Plaintiff's mortgage to Defendant. It is not clear from the factual background in the Complaint which event Plaintiff is referencing with respect to the allegation that she did not receive "letters of transfer" from Defendant, (*see* Compl. ¶ 36), but the causes of action she asserts are premised on allegations that Defendant was obligated to provide notice of servicing transfer. (*See id.* ¶ 62-66.)

filing was a copy of Plaintiff's note (the "Stamped Note"), bearing the following stamped indorsement and signature that allegedly were absent from the Unstamped Note:

> WITHOUT RECOURSE
> PAY TO THE ORDER OF
> Bank of America, National Association [in handwriting]
> WELLS FARGO BANK, N.A.
> BY ___[Signature of Joan M. Mills]___
>        Joan M. Mills
> ALLONGE ATTACHED FOR THE
> PURPOSE OF ENDORSING THE NOTE

(*See* Compl. ¶¶ 54-55); *see also* Ex. A to PennyMac Loan Services LLC's Motion for Relief from the Stay, *In re Carmen L. Araujo*, 14-45115, Docket Entry No. 12-2 (Bankr. E.D.N.Y. Nov. 20, 2014).

Plaintiff contends that these facts establish several violations of the FDCPA and RESPA. With respect to the FDCPA, the Complaint alleges that: (*i*) the Unstamped Note, which omitted the stamped indorsement and signature present on the Stamped Note, was deceptively altered in violation of § 1692e; (*ii*) the communication that Defendant sent to Plaintiff on October 30, 2014, attaching the Unstamped Note, referenced an incorrect loan number in violation of § 1692e, as did a recording of mortgage assignment, dated June 18, 2013, that was filed with the New York Office of the City Register; (*iii*) Defendant's October 30, 2014 communication also violated § 1692e(11) by failing to disclose that Defendant was a debt collector; and (*iv*) the defects in the preceding documents also violated 1692f, as did Defendant's mass purchasing of consumer debt, failure to provide notice of servicing transfer, and failure to record that Plaintiff disputed her debt on the ground she never received such notice. (*See* Compl. ¶¶ 56-62.) With respect to RESPA, the Complaint alleges only that Defendant failed to provide notice of servicing transfer when it began servicing Plaintiff's mortgage. (*See id.* ¶¶ 63-66.)

# DISCUSSION

## I. Motion to Dismiss Standard

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6), a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit,

4

and matters of which judicial notice may be taken. *See, e.g.*, *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

## II. FDCPA

The FDCPA was enacted to "protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." S. Rep. No. 95-382, at 1696 (1977). In furtherance of that aim, § 1692e prohibits a "debt collector" from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." Similarly, § 1692e(11) requires a disclosure to the consumer that "the debt collector is attempting to collect a debt." To determine whether a given communication runs afoul of those provisions, courts apply an objective standard measured by how the "least sophisticated consumer" would interpret the communication. *See Clomon v. Jackson*, 988 F.2d 1314, 1318-20 (2d Cir. 1993).

However, a communication falls within the ambit of those provisions only if it is made "in connection with the collection of [a] debt." *See* 28 U.S.C. § 1692e. Courts in this Circuit recognize certain principles that guide the determination of whether a given communication was made in connection with the collection of a debt. As relevant here, courts have consistently held that the "FDCPA's protections are not triggered by communications initiated by someone other than the debt collector." *See Boyd v. J.E. Robert & Co.*, 2010 WL 5772892, at *13 (E.D.N.Y. Mar. 31, 2010); *see also Derisme v. Hunt Leibert Jacobson P.C.*, 880 F. Supp. 2d 339, 368-69 (D. Conn. 2012); *Nichols v. Washington Mut. Bank*, 2007 WL 4198252, at *4-5 (E.D.N.Y. Nov. 21, 2007).

Thus, the FDCPA does not apply to a communication reflecting a debt collector's ministerial response to a consumer inquiry. As one court in this Circuit has explained: "[T]he

purpose of § 1692 is to ensure that communications initiated by the debt collector (not the consumer) are not deceptive or unfair . . . . [thus] when the consumer initiates the communications, many of the policy reasons behind the FDCPA disappear." *Gorham-Dimaggio v. Countrywide Home Loans, Inc.*, 2005 WL 2098068, at *2 (N.D.N.Y. Aug. 30, 2005) (FDCPA inapplicable where defendant was not "attempting to collect a debt" but was "merely responding to [the plaintiff's] inquiries as to how she could bring her mortgage current."); *see also Derisme*, 880 F. Supp. 2d at 368-69; *Boyd*, 2010 WL 5772892, at *13.

Here, Plaintiff's claims under § 1692e and § 1692e(11), which purportedly arise from Defendant's October 30, 2014 communication, fail as a matter of law because that communication was not made in connection with the collection of a debt. The undisputed facts establish that Plaintiff contacted Defendant on October 30 to request a copy of her mortgage documentation. That same day, Defendant responded in a communication that enclosed a copy of Plaintiff's note. The communication did not demand or seek to induce any payment, discuss any specifics of the underlying debt, or make any representation except that Defendant was in receipt of Plaintiff's inquiry and had enclosed the requested documentation. As such, Defendant's communication merely provided a ministerial response to Plaintiff's inquiry and, therefore, did not trigger the FDCPA protections pursuant to which Plaintiff brings her claims.

The same conclusion is compelled with respect to Plaintiff's claim that a June 18, 2013 recording of mortgage assignment, on file with the New York Office of the City Register, violated § 1692e by incorrectly listing the number assigned to her loan. Plaintiff cannot demonstrate that the recording was a "communication" by a "debt collector" within the purview of the FDCPA, much less that the recording was made in connection with the collection of a

debt.  *See* 15 U.S.C. § 1692e; *see also* 15 U.S.C. §§ 1692a(2), 1692a(6) (defining "communication" and "debt collector" under the FDCPA).

Even if the FDCPA were applicable, Plaintiff's claim under § 1692e would still fail because she does not identify any "false, deceptive or misleading" representation by Defendant. A communication is false, misleading, or deceptive if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012) (quoting *Clomon*, 988 F.2d at 1319).  Plaintiff alleges only that: (*i*) a recording of mortgage assignment, dated June 18, 2013, incorrectly listed the number assigned to her loan; (*ii*) the same incorrect loan number was reflected on the communication she received from Defendant on October 30, 2014, enclosing the Unstamped Note; and (*iii*) the Unstamped Note omitted an indorsement evident on the Stamped Note she later received.

However, those purported inaccuracies appear to be natural incidents of the several assignments and transfers of servicing that occurred with respect to Plaintiff's mortgage.  Thus, the deceptive loan number alleged by Plaintiff evidently was in use since at least July 7, 2011, when the servicing of Plaintiff's mortgage was transferred to Defendant. (*See* Ex. 3 to the Smith Aff.)  Similarly, rather than reflecting any deceptive alteration, the Stamped Note appears to represent merely a later-in-time version of Plaintiff's original note that was indorsed upon the assignment of her mortgage.  (*See* Ex. A to the Compl.)  Absent additional facts to advance her claim beyond the speculative level, Plaintiff has not adequately alleged a false, misleading, or deceptive device within the ambit of § 1692e.

Finally, Plaintiff purports to bring a claim under § 1692f, which prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."  That claim similarly fails as a matter of law, as it relies on the same alleged conduct by Defendant that

was the basis for Plaintiff's failed claims under § 1692e. *See Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006) ("However, [the complaint] is deficient in that it does not identify any misconduct beyond that which [plaintiffs] assert violate other provisions of the FDCPA."); *see also Moore v. Diversified Collection Services, Inc.*, 2009 WL 1873654, at *4 (E.D.N.Y. June 29, 2009) ("Because the [§ 1692f] claim is wholly duplicative of the others and is unsupported by the complaint, it must be dismissed."); *Tsenes v. Trans-Cont'l Credit and Collection Corp.*, 892 F. Supp. 461, 466 (E.D.N.Y. 1995). Although Plaintiff alleges in passing other conduct that purportedly violated § 1692f, for example Defendant's mass purchasing of consumer debt and failure to record a verbal dispute with Plaintiff, those allegations as pleaded are without merit and do not support a claim under the FDCPA.

### III. RESPA

Plaintiff alleges a violation of RESPA pursuant to a provision of its implementing regulation that requires a transferee servicer to provide the borrower with notice of any servicing transfer within fifteen days from the effective date of the transfer.[3] *See* 12 C.F.R. § 1024.33; *see also* 12 U.S.C. § 2605. Plaintiff's claim is premised on the allegation that she did not receive notice of servicing transfer in June 2013, when her mortgage was assigned to a PennyMac affiliated loan trust. (*See* Compl. ¶ 36.) However, there is nothing in the Complaint or the record before the Court indicating that a servicing transfer actually occurred with respect to Plaintiff's mortgage at that time. Rather than providing any factual support for her claim, Plaintiff instead relies implicitly on the assumption that the assignment of her mortgage in June 2013 coincided with a transfer of servicing responsibilities to Defendant, for which it was

---

[3] Plaintiff purports to bring its RESPA claim under 24 C.F.R. § 3500.21(d), which would have been in effect at the time Defendant began servicing Plaintiff's mortgage and allegedly was required to furnish notice, but is no longer operative as a result of a transfer of regulatory authority from the United States Department of Housing and Urban Development to the Consumer Financial Protection Bureau. *See* 79 F.R. 34224-01 (June 16, 2014).

required to provide notice. As such, Plaintiff's claim is entirely conclusory and must be dismissed. *See Roth v. CitiMortgage, Inc.*, 2013 WL 5205775, at *7 (E.D.N.Y. Sept. 11, 2013), *aff'd* 756 F.3d 178 (2d Cir. 2014) (dismissing RESPA claim where plaintiff's allegations were "conclusory and unsupported by the factual allegations" in the complaint.)

Moreover, to rebut Plaintiff's allegation that she never received the required notice, Defendant has produced a copy of a servicing transfer letter it claims to have sent Plaintiff when it began servicing her mortgage. (*See* Ex. 3 to the Smith Aff.; *see also* Def. Br. at 3, 10.) Dated August 2, 2011, the letter reflects that the servicing of Plaintiff's mortgage was transferred to Defendant effective July 7, 2011.[4] Even if Plaintiff could prove that she never received that letter through some fault of Defendant, her claim still would have expired in or around July 2014 under the applicable three-year statute of limitations. *See* 12 U.S.C. § 2614 (providing for a three-year statute of limitations for violations of 12 U.S.C. § 2605, which addresses the obligation of a transferee servicer to provide notice); *see also Papapietro v. Popular Mortg. Servicing Co.*, 2014 WL 5824682, at *6 (E.D.N.Y. Nov. 10, 2014) (claim that defendant violated RESPA by failing to provide notice of servicing transfer was barred by applicable three-year statute of limitations); *Lee v. E*Trade Fin. Corp.*, 2013 WL 4016220, at *4 (S.D.N.Y. Aug. 6, 2013). However, the Complaint in this action was not filed until January 2015, rendering its claim under RESPA untimely.

Finally, even assuming that Plaintiff's claim was timely, it still would fail because the Complaint does not allege any actual damages proximately caused by Defendant's purported

---

[4] The Court may properly consider the servicing transfer letter put forth by Defendant, without converting the instant motion to one for summary judgment, because the Complaint incorporates it by reference. *See, e.g., ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Notably, to the extent the letter contradicts allegations in the Complaint, the Court is not necessarily required to accept those allegations as true. *See, e.g., Olin Corp. v. E.I. Dupont De Nemours and Corp.*, 2006 WL 839415, at *1 (W.D.N.Y. Mar. 27, 2006) ("If the documents referenced in the complaint contradict the facts alleged by the plaintiff, the documents control and the court need not accept as true the plaintiff's allegations." (citing *Feick v. Fleener*, 653 F.2d 69, 75 & n.4 (2d Cir. 1981.))

RESPA violation. *See, e.g., Corazzini v. Litton Loan Servicing LLP*, 2010 WL 6787231, at *12 (N.D.N.Y. June 15, 2010) ("[T]he courts have consistently dismissed complaints under RESPA if they do not allege actual damages or state merely that in a conclusory fashion the defendant caused damages to the plaintiff."); *see also Roth*, 2013 WL 5205775, at *7 (dismissing RESPA claim where plaintiff failed to plead actual damages proximately caused by the defendant's alleged violation of RESPA); *Gobarty v. Wells Fargo Bank, N.A.*, 2012 WL 1372260, at *5 (E.D.N.Y. Apr. 18, 2012). Nor does the Complaint allege a "pattern or practice" of non-compliance with RESPA's provisions that would entitle Plaintiff to statutory damages under RESPA. *See* 12 U.S.C. § 2605(f)(1)(B); *see also Gobarty*, 2012 WL 1372260, at *5 (dismissing RESPA claim for statutory damages where plaintiff failed to plead violations sufficiently numerous to show a pattern of non-compliance by defendant).

## IV. Attorney's Fees

Defendant seeks an award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), which permits a court to grant such relief upon a finding that an action under the FDCPA "was brought in bad faith and for the purpose of harassment." Several courts have held that a defendant seeking to avail itself of that provision must furnish evidence of bad faith by the plaintiff, not just by his or her counsel. *See, e.g., Puglisi v. Debt Recovery Solutions, LLC*, 822 F. Supp. 2d 218, 233 (E.D.N.Y. 2011); *Hasbrouck v. Arrow Fin. Servs. LLC*, 2011 WL 1899250, at *7 (N.D.N.Y. May 19, 2011); *see also Spira v. Ashwood Fin. Inc.*, 358 F. Supp. 2d 150, 161 (E.D.N.Y. 2005). Here, although the meritless claims in the Complaint call into question whether Plaintiff had a good faith basis for bringing this action, Defendant has not provided any evidence that Plaintiff pursued it for the purpose of harassment. Accordingly, the relief sought

by Defendant is not warranted and the Court finds that no costs or attorney's fees should be awarded.

## CONCLUSION

In accordance with the foregoing, Defendant's motion to dismiss this action is granted in its entirety, with prejudice, and Defendant's motion for the award of attorney's fees and costs is denied.

SO ORDERED.

Dated: Brooklyn, New York
      September 23, 2015

                                                                 /s/\
                                                              DORA L. IRIZARRY\
                                                United States District Judge